**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

GARY L. BURKETT, JR.,

                              Petitioner,

      v.                                        No. 05-CV-1321
                                                      (LEK/DRH)

MICHAEL P. McGINNIS, Superintendent,

                              Respondent.

-----------------------------------------------------------------

**APPEARANCES:**                          **OF COUNSEL:**

GARY L. BURKETT, JR.
Petitioner Pro Se
No. 99-A-5754
Elmira Correctional Facility
Post Office Box 500
Elmira, New York 14902

HON. ANDREW M. CUOMO            MICHELLE ELAINE MAEROV, ESQ
Attorney General for the State           Assistant Attorney General
  of New York
120 Broadway
New York, New York 10271

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

      Petitioner pro se Gary L. Burkett, Jr. ("Burkett") is currently an inmate in the custody of the New York State Department of Correctional Services ("DOCS") at Elmira Correctional Facility. Burkett was found guilty on November 19, 2002 of aggravated harassment of an employee by an inmate after a bench trial in Cayuga County Court and is presently serving an

---

      [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

indeterminate term of two and one-half to five years imprisonment[2] consecutive to the sentence that Burkett was already serving.[3] Additionally, Burkett was fined $5,000. Burkett now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that (1) the trial court erred by allowing testimonial evidence of Burkett's uncharged crimes, (2) he was denied the effective assistance of trial counsel when his attorney failed to renew his motion for a trial order of dismissal at the close of evidence and failed to object to the imposition of the fine at sentencing, and (3) he was denied the effective assistance of appellate counsel when his attorney failed to raise the aforementioned ineffective assistance of trial counsel claims and for not arguing that the fine was not properly imposed at the sentencing. For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On July 12, 2001, Corrections Officer Peter Ball ("Officer Ball") was assigned to deliver evening meals to inmates in the Special Housing Unit ("SHU")[4] at the Auburn Correctional Facility and to collect trash from the inmates after they had finished their meals. T. 42.[5] Officer

---

[2] Burkett was sentenced as a second felony offender.

[3] Burkett committed this crime while serving a seven-year determinate sentence for first degree robbery entered in Westchester County Court in 1999 (Westchester Co. SCI No. 6175/99). Burkett had been sentenced as a violent felony offender.

[4] SHUs exist in all maximum and certain medium security facilities. The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ." N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (1995). Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required. Id. at pt. 301.

[5] "T." followed by a number refers to the page of the trial transcript included with respondent's answer. Docket No. 18.

Ball and another officer delivered the meals at approximately 4:15 PM to the inmates through small feed-up hatches located on the front of the cells. T. 42. At 5:00 PM, Officer Ball, assisted by inmate porter Juan Martinez ("Martinez"), collected the trash from the inmates in the SHU. T. 42. Martinez aided Officer Ball in the collection of meal trash by opening the feed-up hatch, which permitted an inmate to push his meal trash out into a garbage can. After an inmate pushed his meal trash into the garbage can, Martinez closed the hatch and Officer Ball came from behind to lock the hatch. T. 43. The front of Burkett's cell was covered with plexiglass and the only openings on the front of the cell were the feed-up hatch and ventilation gaps at the bottom of the cell. T. 46

When Martinez was directly in front of Burkett's cell, he opened the hatch for Burkett to dispose of his trash. T. 48. Officer Ball was standing next to Martinez in front of the cell adjacent to Burkett's cell. T. 48. Burkett initially pushed trash out through the hatch, but then proceeded to throw a cocktail of liquid and solids, contained in a styrofoam container, out of the cell through the hatch opening. T. 48. The liquid struck Martinez on the face and Officer Ball on his right side. T. 48. Officer Ball testified that the liquid had a strong smell of feces and urine, and that solid pieces of feces landed on the floor in front of Burkett's cell. T. 48. Subsequent laboratory testing confirmed that the solid matter was in fact fecal matter. T. 150.

Burkett was arrested, indicted, convicted, and sentenced as indicated above. ST. 11.[6] On November 19, 2004, the Appellate Division unanimously affirmed the conviction and sentence. People v. Burkett, 784 N.Y.S.2d 433 (4th Dep't 2004). Application for leave to appeal to the New York Court of Appeals was denied on January 19, 2005. People v. Burkett,

---

[6] "ST." followed by a number refers to the page of the transcript of Burkett's sentencing included with respondent's answer. Docket No. 18.

825 N.E.2d 137 (N.Y. 2005).  Burkett also filed two motions to vacate his sentence, which were denied on April 29, 2004 and August 25, 2005.  See Docket No. 18, Exs. C & K.  Additionally, Burkett filed a motion for a writ of error coram nobis in the Appellate Division, Fourth Department, which was denied on April 29, 2005.  People v. Burkett, 794 N.Y.S.2d 275 (4th Dep't 2005).  Application for leave to appeal to the New York Court of Appeals was denied on December 16, 2005.  See Docket No. 23.  This action followed.

## II. Discussion

### A.  Prior Bad Acts

As a threshold matter, a federal court may not grant an application for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State. . . ."  28 U.S.C. § 2254(b)(1)(A).  In order to exhaust state court remedies, the applicant must give the highest state court "fair warning of the federal nature" of his claim.  Gonzalez v. Sullivan, 934 F.2d 419, 420 (2d Cir. 1991); see also Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001); Daye v. Attorney Gen., 696 F.2d 186, 190 n.3 (2d Cir. 1982).  This "fair warning" can be accomplished by (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.  Daye 696 F.2d at 194.

Here, with respect to his claim that the trial court erred in allowing testimonial evidence of Burkett's prior bad acts, Burkett failed to give the Appellate Division the

required "fair warning" in any of the ways provided in Daye.  Nevertheless, if Burkett can show cause for failing to bring his federal constitutional claims before the state court and that actual prejudice resulted from that failure, the federal court may hear his claim. Coleman v. Thompson, 501 U.S. 722, 748 (1991); Teague v. Lane, 489 U.S. 288, 298 (1989).  Here, Burkett has failed to make a showing of either cause or prejudice and, thus, his claim is procedurally barred.

Even if Burkett's claim was not procedurally barred, however, he would not be entitled to relief here since the Appellate Division reviewed and rejected Burkett's claim and there is no indication that this decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); Morales v. Artuz, 281 F.3d 55, 58 (2d Cir. 2002). The Supreme Court has declined to take a position as to whether the admission of prior bad acts, even if probative only of the defendant's propensity to commit a crime, violates due process.  Estelle, 502 U.S. at 75.  In the absence of any clearly established law by the Supreme Court, Burkett may not rely on § 2254(d)(1) to save his procedurally barred claim.

Further, claims of *Molineux* violations[7] are solely state law issues and do not raise federal constitutional claims for purposes of a habeas corpus petition.  Hirsch v. Plescia, No. Civ. 03-1617, 2005 WL 2038587, at *7 (E.D.N.Y. Aug. 23, 2005)(citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)(holding claims that evidence was improperly admitted under California law should not be reviewed on federal habeas corpus petition)); see also Wainwright v. Sykes, 433 U.S. 72, 83 (1977) (holding that state decisions dealing with state

---

[7] People v. Molineux, 168 N.Y. 264 (1901) (establishing the rule in state court proceedings for the admissibility of uncharged crimes).

substantive law may not be reviewed by federal courts).

Therefore, the petition on this ground should be denied for all three reasons.

### B. Ineffective Assistance of Trial Counsel

Burkett contends that his trial counsel erred when he failed to renew his motion for a trial order of dismissal at the close of evidence and did not challenge the imposition of a fine at sentencing. See Docket No. 1 at 5.

A defendant arguing ineffective assistance of counsel must show that counsel was not functioning as the counsel guaranteed by the Sixth Amendment. Counsel's performance must have been deficient and that deficient performance must have prejudiced the defense. Once this is shown, it cannot be said that the result of the proceeding is reliable. United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). A defendant must demonstrate that counsel's errors were so serious that the defendant was deprived of a fair trial and that there was a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Strickland, 466 U.S. at 686.

The proper measure of attorney performance is an objective standard of reasonableness in the totality of the circumstances under prevailing professional norms. Id. at 688; Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000). Strategic choices made after investigation of the relevant law and facts are normally not subject to challenge and the reviewing court must be "highly deferential" to counsel's performance. Strickland, 466 U.S. at 688. Additionally, state court findings on such matters are conclusive on the court reviewing the habeas petition if supported in the record. 28 U.S.C. § 2254(d); Summer v.

Mata, 455 U.S. 591, 592 (1982).

Here, a review of the record indicates that Burkett's trial counsel properly represented him in all respects. Counsel made the proper objections, filed the proper motions, and vigorously cross-examined the prosecution's witnesses. Further, Burkett fails to demonstrate that he was prejudiced by any of the alleged ineffective assistance or that the result of the trial could not be relied upon. Moreover, the Appellate Division rejected Burkett's contention that he received ineffective assistance of counsel. Burkett, 765 N.Y.S.2d at 275.

Therefore, the petition on this ground should be denied.

### C. Ineffective Assistance of Appellate Counsel

Burkett contends that his appellate counsel erred when he failed to raise ineffective assistance of trial counsel as an issue on appeal. See Docket No. 1 at 6.

The *Strickland* test was formulated in the context of evaluating the effectiveness of trial counsel. However, the same standard applies to claims regarding the performance of appellate counsel. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). Thus, a habeas petitioner must show that his or her attorney's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's error, the outcome would have been different. Id. Here, as discussed above, there was no ineffective assistance of trial counsel. Therefore, Burkett's assertion that his appellate counsel was ineffective because appellate counsel failed to assert this claim on appeal is without merit.

Therefore, the petition on this ground should be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated: June 28, 2007
       Albany, New York

_David R. Homer_
United States Magistrate Judge